Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 7052 | **DATE** | 10/21/2004 |
| **CASE TITLE** | HENDERSON vs. DISCOVER | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter order remanding this bankruptcy appeal for further proceedings consistent with this opinion. Enter memorandum opinion and order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | OCT 2 8 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | 5 |
| | Copy to judge/magistrate judge. | | | |
| | DW | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

YOLANDA HENDERSON,

Appellant-Debtor,

v.

DISCOVER FINANCIAL SERVICES, ECAST SETTLEMENT CORP., APOLLO CASUALTY CO.,

Appellee-Claimants.

No. 03 C 7052
Judge James B. Zagel



## MEMORANDUM OPINION AND ORDER

This matter is before me on Appellant's appeal from Bankruptcy Judge Jack B. Schmetterer's order of October 20, 2003 denying Appellant's motion to disallow Appellees' proof of claims. A federal district court has jurisdiction, pursuant to 28 U.S.C. § 158, to hear appeals from the bankruptcy court. On the appeal, the district court reviews the bankruptcy court's factual findings under the clearly erroneous standard and reviews the bankruptcy court's legal findings under the *de novo* standard. *In re A-1 Paving and Contracting, Inc.*, 116 F.3d 242, 243 (7th Cir. 1997).

Appellant appeared before Judge Schmetterer, on October 20, 2003, to argue that Appellees' claims should be disallowed for failure to comply with Fed. R. Bank. P. 3001(c). Rule 3001(c) states that "when a claim...is based on a writing, the original or a duplicate shall be filed with the proof of claim." Fed. R. Bank. P. 3001(c). Judge Schmetterer found that Rule 3001(c) did not require evidence of the underlying agreements between the debtor and her creditors be attached to the claim but, instead, need only be produced during discovery. Judge Schmetterer based his ruling, at least in part, on the Seventh Circuit's decision in *In re Stoecker*,



5 F.3d 1022 (7th Cir. 1993). In *Stoecker*, the Court found that meritorious claims should not be disallowed for failure to strictly comply with Rule 3001(c), which, in the Court's opinion, amounted to an easily curable and harmless error. *Id.* at 1028. The Court also noted that amendment could be made at any time so long as the other creditors were not prejudiced. *Id.*

In light of *Stoecker*, I must agree with Judge Schmetterer that disallowing the Appellees' meritorious claims is inappropriate. However, it is still unclear to me whether production of the underlying evidence during discovery is sufficient to satisfy the requirement of Rule 3001(c) or whether an amendment is required. Thus, I am remanding the case for resolution on the issue of amendment.

This case is REMANDED for further proceedings consistent with this opinion.

ENTER:

James B. Zagel
United States District Judge

DATE: 21 Oct 2004